**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor VARGAS–MARTINEZ,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose ARROYO–AYALA,
Defendant-Appellant.**

**Nos. 77–1392 and 77–1403.**

United States Court of Appeals,
Ninth Circuit.

Feb. 21, 1978.

---

**38.** While the record appears to support a finding of infringement, we decline to consider that issue for the first time on appeal. See *Cool-Fin. Elec. Corp. v. Int'l Elec. Research Corp.*, 491 F.2d 660, 663 (9 Cir. 1974).

Wallace B. Farrell, of Farrell & Kennedy, San Bernardino, Cal., John Y. Tremblatt (argued), of Tremblatt & Greenberg, San Diego, Cal., for defendants-appellants.

Douglas G. Hendricks, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., Douglas G. Hendricks, Asst. U. S. Atty., argued, San Diego, Cal., for plaintiff-appellee.

Before GOODWIN and KENNEDY, Circuit Judges, and SPENCER WILLIAMS *, District Judge.

Appellants Vargas-Martinez and Arroyo-Ayala seek to reverse convictions for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Arroyo-Ayala also appeals from a conviction of conspiracy to import a controlled substance in violation of 21 U.S.C. §§ 952, 960 and 963.

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

Arroyo-Ayala asserts constitutional error based on deprivation of his Sixth Amendment right to counsel by removal of his retained counsel by the trial court. Substitution of his counsel of choice, Robert Dorne, was ordered due to a conflict of interest arising out of the representation of Arroyo-Ayala and Juana Maldonado, a co-defendant who had agreed to become a prosecution witness. Although Juana Maldonado had different counsel during the district court proceedings, Dorne was her counsel of record in two state criminal proceedings and, while Arroyo-Ayala waived any conflict of interest arising out of this situation, Maldonado did not.

■ The district court was correct in ordering substitution of counsel for Arroyo-Ayala on the basis that the dual representation created an inescapable conflict of interest which had not been waived by both co-defendants. *See, United States v. Kutas,* 542 F.2d 527 (9th Cir. 1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 790 (1977). Since Maldonado was a prosecution witness, the presence of Dorne as counsel presented the possibility of disclosure of confidential communications. Faced with a conflict of interest between two co-defendants, the court was bound to effect a resolution. *See, Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Bernstein,* 533 F.2d 775 (2nd Cir. 1976), *cert. denied,* 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976).

■ While a defendant's choice of counsel should not be subject to unnecessary interference, this right is not unlimited. *Abraham v. United States,* 549 F.2d 236 (2nd Cir. 1977). The trial court could not order Dorne discharged from representation of Maldonado because he was not before the court in that capacity. Absent any waiver by Maldonado, the only possible method of adequately resolving the problem was to order substitution of counsel for Arroyo-Ayala.

■ Both defendants further appeal on the basis that prosecutorial misconduct occurred when witness Maldonado allegedly perjured herself, and the prosecutor, in a unique position to know of the perjury, failed to raise the issue. The failure of the prosecutor to correct the testimony of a witness known to be false may deny a defendant due process and allow reversal of a conviction. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The distinguishing factor in this case is the absence of evidence establishing Maldonado's testimony to be false. She denied knowledge of a promise of either a concurrent federal sentence or of the communication of her cooperation to state authorities in exchange for her testimony. The record shows that she was present at a prior conflict of interest hearing when the possible effects of her cooperation were discussed and that the prosecutor had made such a representation to her attorney. However, there is no showing that she understood that any promise had been made or that such a promise had been communicated to her by her attorney. Therefore, no prosecutorial misconduct could have occurred.

■ Appellants raise three additional contentions on appeal. First, Arroyo-Ayala claims that the failure of the trial judge to grant a continuance of the trial date constitutes a denial of due process and the right to a fair trial. The record shows that this denial did not constitute an abuse of the discretion of the trial court. *United States v. Lustig,* 555 F.2d 737 (9th Cir. 1977).

■ Second, appellants suggest that the rights of both defendants were violated when counsel for a co-defendant allegedly commented upon their failure to take the stand. The statement[1] in question did not even refer to defendant Vargas-Martinez

---

1. In closing argument, counsel for co-defendant Fierro made the following statement:

"Now I can't call Mr. Arroyo to deny that statement. He's a defendant in this action. So I don't have him to call as I did Mr. Santillan, who was able to testify. He's not on trial at this point . . . ."

and, as to Arroyo-Ayala, falls far short of constituting a comment upon failure to testify. It is not one from which the jury would naturally and necessarily infer it to be a comment on his failure to testify. *United States v. Tierney*, 424 F.2d 643 (9th Cir. 1970), *cert. denied*, 400 U.S. 850, 91 S.Ct. 53, 27 L.Ed.2d 87 (1970).

Third, appellants assert reversible error exists because the trial court refused appellants' proposed jury instruction regarding the law of search and seizure. This contention has no merit.

The convictions are affirmed.