**UNITED STATES of America, Appellant,**

v.

**Jay SARNO, Appellee.**

**No. 76–1057.**

United States Court of Appeals, Ninth Circuit.

May 7, 1979.

---

Lawrence J. Semenza, U. S. Atty., Las Vegas, Nev., James T. Duff, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Harry E. Claiborne, Las Vegas, Nev., for appellee.

Before BARNES and KENNEDY, Circuit Judges, and REAL, District Judge.*

BARNES, Senior Circuit Judge:

The issue on this appeal is whether defendant Jay Sarno ("Sarno"), who was acquitted of bribing agents of the Internal Revenue Service ("IRS") by the trial judge following the jury's inability to reach a verdict, is entitled, on the basis of double jeopardy and collateral estoppel, to the dismissal by the same trial judge of a subsequent perjury indictment which alleged that the defendant had testified falsely at the prior trial.

## I. FACTS

Sarno was initially indicted along with Stanley Mallin ("Mallin") and Leo Crutchfield ("Crutchfield")[1] on charges of bribing a public official (18 U.S.C. § 201(b)(1)), conspiracy (18 U.S.C. § 371), and interference with the administration of the internal revenue laws (26 U.S.C. § 7212(a)). In the course of the trial, uncontested evidence was presented that Crutchfield, who had been under an IRS audit, had first suggest-

---

* The Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

1. Crutchfield's trial was subsequently severed from that of defendants Sarno and Mallin. *See United States v. Crutchfield,* 547 F.2d 496 (9th Cir. 1977).

ed to an IRS agent that Sarno and Mallin, who were involved with a Las Vegas casino, might be interested in unlawful assistance with their pending tax audits. When Sarno and Mallin failed to initiate any discussions with IRS officials as to fixing their audits, IRS Agent Smith was sent to Crutchfield's business address. Crutchfield testified that he thereafter contacted Sarno to arrange a meeting between Agent Smith and defendants Sarno and Mallin in the steam room of the casino. Crutchfield further testified that he informed Sarno and Mallin that they should meet with Agent Smith because they were in "a lot of trouble" with the IRS.

Two markedly different versions of the steam room conversation were given at the trial. Agent Smith testified that he informed Sarno and Mallin that he was there merely to listen. Sarno allegedly stated that although "they didn't have to cheat", they were afraid of going to jail or being indicted and wanted to know what Smith could do for them. Smith told them that he was in charge of their criminal investigations and that his recommendations concerning their civil assessment carried a lot of weight. Sarno then allegedly offered Smith a bribe to abort the criminal tax investigation and assist them in obtaining a refund.

Sarno testified[2] that, once in the steam room, Smith informed them that, because of his length of service with the IRS, his report for their criminal investigations would probably be accepted by the Service. He stated that the IRS could make a criminal indictment stick on any casino the size of the defendants'. Further, he supposedly told them that they could not get the re-

funds they had applied for without his blessing and that without the refunds the casino would go bankrupt.

It was uncontradicted that Sarno and Mallin did thereafter pay Smith approximately $75,000 in cash.

■ After deliberating some twenty hours, the jury announced that it was hopelessly deadlocked. The trial judge declared a mistrial and granted the defense's motion for judgment of acquittal pursuant to Rule 29(b) of the Federal Rules of Criminal Procedure ("F.R.CRIM.P."), which had been made at the close of all of the evidence. In so granting, the judge stated:

"Viewing the evidence and all reasonable inferences that can reasonably be drawn from the evidence in the light most favorable to the Government, this Court concludes that there must necessarily be a reasonable doubt as to entrapment and as to the agency question. That is, not only has the Government failed to prove beyond a reasonable doubt there was no entrapment, the Government has also failed to prove beyond a reasonable doubt that Leo Crutchfield was not an agent of the IRS. There necessarily being a reasonable doubt as to entrapment and agency, this Court finds there is entrapment as a matter of law. . . . ."[3]

The government appealed and lost.[4]

Subsequently, the government indicted Sarno for perjury. It charged that Sarno's testimony in regards to the steam room conversation with Agent Smith was knowingly false in that Agent Smith did not threaten or coerce Sarno or Mallin, and that Sarno and Mallin had offered to give Smith money to influence Smith's official deci-

---

2. Mallin's testimony in regard to the steam room conversation was virtually identical to Sarno's.

3. It is noted that the law of this circuit is that once the affirmative defense of entrapment has been put into issue, the government has the burden of showing beyond a reasonable doubt that entrapment did not exist. *United States v. Hermosillo-Nanez*, 545 F.2d 1230, 1232 (9th Cir. 1976), *cert. denied*, 429 U.S. 1050, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977); *United States v. Glassel*, 488 F.2d 143, 146 (9th Cir. 1973), *cert.*

*denied*, 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974).

4. The propriety of the trial judge's order of dismissal of the jury and acquittal of defendants Sarno and Mallin in the bribery case was raised on the government's appeal to this Court before a different panel. *See United States v. Sarno and Mallin*, 542 F.2d 1181 (9th Cir. 1976). That appeal was decided originally by a dismissal in reliance upon the double jeopardy rule delineated in *United States v. Sanford*, 536 F.2d 871 (9th Cir. 1976). Subsequently, *Sanford* was reversed by the Supreme Court.

sions and actions in regards to the IRS investigation.

The district court judge, who was the same judge that granted the motion for judgment of acquittal, dismissed the perjury indictment stating, *inter alia:*

"At the former trial, the jurors were instructed that the Government must prove beyond a reasonable doubt that Leo Crutchfield was not an agent of the Government, and to prove beyond a reasonable doubt that the defendants Sarno and Mallin were not entrapped, that is, were not induced or persuaded by intimidation or coercion by Government agents to commit the offenses charged. . . .

". . . this Court has examined the record of the former proceedings and concludes that the judgment of acquittal is grounded upon the very issues that are presented by the indictment in this case and that those issues were necessarily determined by the Court in the former case adverse to the Government. The doctrine of collateral estoppel is clearly applicable. The motion to dismiss the indictment is granted."

The government now appeals from the dismissal of the perjury indictment.

## II. DISCUSSION

■ This appeal raises a complicated issue as to the validity of a perjury indictment against a defendant based on his testimony in a trial where he has been subsequently acquitted.[5] On the one hand, the acquittal of a defendant following a trial on criminal charges should not be a *per se* bar to his subsequent prosecution for perjury committed during the course of the trial. *United States v. Haines,* 485 F.2d 564, 565 (7th Cir. 1973), *cert. denied,* 417 U.S. 977, 94 S.Ct. 3184, 41 L.Ed.2d 1147 (1974). "To hold otherwise . . . would be to put a premium on perjury and to make immunity

from punishment for perjury rest on success in commission of the crime." *United States v. Fayer,* 573 F.2d 741, 745 (2nd Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978), quoting from 70 C.J.S. Perjury § 26 at 492 (footnotes omitted).

On the other hand, if the defendant's alleged perjured testimony was material to the case, the fact of its falseness should have been raised by the prosecution during the course of the trial and efforts made to present evidence of its falsity to the trier of fact. Therefore, unless the subsequent perjury indictment is based upon evidence which was not available at the first trial, *see* Note, Perjury by Defendants: The Uses of Double Jeopardy and Collateral Estoppel, 74 Har.L.Rev. 752, 763 (1961), it would appear that the government would be merely trying to recover from its initial failure to convince the trier of fact of the falsity of defendant's testimony at the first trial. Such a rehashing of evidence previously presented would clearly be prohibited by the collateral estoppel doctrine.

■ The doctrine of collateral estoppel applies to criminal cases as part of the constitutional protection against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 443–446, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The law of this circuit as to collateral estoppel and the process of analysis to be applied in cases like the present one is delineated in *United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir. 1978); *accord, United States v. Dipp,* 581 F.2d 1323, 1325 (9th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979). As stated in *Hernandez, supra,* 572 F.2d at 220:

"When an issue of fact or law is actually litigated and determined by a final and valid judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same

---

*United States v. Sanford,* 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17 (1976). The government petitioned for a rehearing based upon that reversal. As a result, the panel in *United States v. Sarno and Mallin* withdrew its initial decision and after considering the petition, modified its original order dismissing the government's appeal by striking from its opinion the citation to *Sanford* and in its place substituting *United States*

*v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

5. There is no parallel problem where the defendant has been convicted in the initial trial. *See United States v. Arias,* 575 F.2d 253, 256 (9th Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978).

**408**

or a different claim." (Restatement of the Law, 2d, Judgments, § 68 (Tent.Draft No. 1, March 28, 1973).)

"The collateral estoppel analysis involves a three step process:

"(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case."

Turning to the above-cited process, the focus of the bribery trial was not on the specific elements of the bribery charge (it was uncontested that defendants Sarno and Mallin had paid the money to Agent Smith for the purposes of influencing his actions on their audits). Rather, the focus was on the defendants' affirmative defense of entrapment. As clearly reflected in the testimony at the trial, the jury instructions and the questions of the jury to the trial judge, the entrapment defense rested upon the issues of whether Crutchfield was an agent of the government and whether Sarno and Mallin were coerced or intimidated into committing the crime. As evidence to resolve the latter issue, one of the respective versions of the steam room conversation had to be relied upon. Thus, the veracity of Sarno's testimony on that point was a factor raised in the first case and sufficiently similar and material to the perjury action to justify invoking the collateral doctrine issue.

■ As to the third step of the analysis, a problem arises because of an apparent inconsistency in the trial judge's language in granting the motion for judgment of acquittal. Initially, the judge states that he is "of the opinion that nothing said or done by Smith alone, directly to Sarno or Mallin or directly to Sarno and Mallin, could constitute entrapment as a matter of law." Later on he states that the government "failed to prove beyond a reasonable doubt that there was no entrapment" and "also failed to prove beyond a reasonable doubt

that Leo Crutchfield was not an agent of the IRS." It is apparent that, from his latter comments, the judge viewed the entrapment issue as separate from the agency issue. However, apart from statements made by Crutchfield to defendants Sarno and Mallin, the only other material conversation wherein the defendants might have been entrapped were between Agent Smith and the defendants in the steam room. While it is questionable from the statements made by the trial judge in granting the motion for judgment of acquittal whether the issue of the veracity of Sarno's version of the steam room conversation was decided in defendant Sarno's favor in the first case, two factors in favor of finding such a resolution are convincing. First, the steam room meeting was the first direct encounter between an IRS official and defendants Sarno and Mallin. It was there that the defendants made the bribe offer to Agent Smith. Consequently, Sarno's testimony as to the steam room conversation cannot have been simply a tangential issue. The court "necessarily" had to pass upon the truthfulness of that account as part of its decision that the government failed to overcome the entrapment defense. *Cf., United States v. Hernandez, supra,* 572 F.2d at 222. Second, the same judge who granted the motion for judgment of acquittal also granted the motion to dismiss the perjury indictment on the grounds that "the very issues that are presented by the indictment in this [perjury] case . . . were necessarily determined by the Court in the former [bribery] case adverse to the Government." Given that that judge has stated that he had previously decided the issues raised by the perjury charge in the prior trial (a statement which is supported by our examination of the transcript of that trial), this Court agrees that collateral estoppel is clearly applicable to this case and that the motion to dismiss was properly granted.

AFFIRMED.