550 A.2d 547

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Burton KAUFMAN.**

Superior Court of Pennsylvania.

Argued Aug. 30, 1988.

Filed Oct. 5, 1988.

Reargument Denied Nov. 22, 1988.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Com., appellant.

Harold Gondelman, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and ROWLEY and TAMILIA, JJ.

PER CURIAM:

This is an appeal by the Commonwealth from the Order of the court below dismissing, on the grounds of double jeopardy, Information No. CC 8512795A which included

counts of obstructing administration of law or other governmental function and criminal conspiracy.

The pertinent events giving rise to this appeal are as follows. On September 5, 1984, defendant-appellee entered a plea of guilty to one count of driving under the influence of alcohol or controlled substance, 75 Pa.C.S. § 3731(a)(2). That same day, appellee was sentenced to undergo a term of imprisonment of forty-eight hours at ARC House commencing on November 2, 1984. Appellee was also sentenced to pay a fine of $300; the costs of prosecution; a one year period of probation; attend alcohol safe driving school; undergo evaluation; and pay a $250 fee. This plea was received, and the sentence imposed by the Honorable Bernard L. McGinley.

Sometime thereafter, it was learned that appellee had failed to personally appear at ARC House to serve his sentence and another person appeared in his stead. As a result, a hearing was scheduled before Judge McGinley. At that hearing, on January 18, 1985, it was revealed appellee failed to report for his sentence on November 2, 1984 and had also failed to report to serve his sentence on December 7, 1984, January 4, 1985 and January 11, 1985. To explain this failure, appellee informed the court his attorney obtained a postponement of the first date because of family illness, that he didn't know about the date of reporting in December, that January 4th was his son's birthday and he was given permission not to report that day; and on January 11, one Riccardo Smith took it upon himself to find someone else to serve appellee's sentence. After hearing appellee's explanation, Judge McGinley stated he was not going to change his position and implemented the same sentence as before with the exception that appellee was to serve his forty-eight hours in the Allegheny County Jail rather than ARC House.

On November 11, 1985, a complaint was filed against appellee charging him with obstructing administration of law or other governmental function, 18 Pa.C.S. § 5101, and criminal conspiracy, 18 Pa.C.S. § 903. The complaint al-

leged appellee "did actively solicit, and pay one Riccardo Smith the sum of fifty dollars, ($50.00), for the purpose of a partial payment to one Russell Kunkle, so that Kunkle would serve the actor's sentence at the A.R.C. House. . . ." Named as co-conspirators were Anthony Lagattuta and Riccardo Smith. Both charges were held for court and the information charging both offenses was filed on January 7, 1986.

On May 23, 1986, appellee filed a "Motion to Dismiss and/or Quash the Criminal Information." The motion alleged, *inter alia*, that the information should be dismissed "as jeopardy has attached due to the earlier sentence of the Honorable Bernard McGinley." It was contended the actions charged in the information constituted contempt of court and had been the subject of a contempt hearing before Judge McGinley who punished appellee for his conduct at the hearing of January 18, 1985.

Following a hearing, the Honorable James R. McGregor granted the motion to dismiss on grounds of double jeopardy finding appellee had been sentenced by Judge McGinley as a "probation violation" for the same offense. This timely appeal followed.

■ Citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), as discussed and applied in *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980), Judge McGregor concluded a prosecution for obstruction and conspiracy was barred because the facts underlying that prosecution were adjudicated at the hearing before Judge McGinley on January 18, 1985. As stated in *Hude, supra* at 613, 425 A.2d at 320, *Ashe* entails a three-step approach:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case. *United*

*States v. Hernandez,* 572 F.2d 218, 220 (9th Cir.1978); *United States v. Dipp,* 581 F.2d 1323, 1325 (9th Cir.1978), *cert. denied,* 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979); *United States v. Sarno,* 596 F.2d 404, 408 (9th Cir.1979).

With respect to the first step in the analysis, it is readily apparent that prosecution for obstruction [1] and conspiracy [2] involve proof of a variety of elements which are different from and immaterial to the proceeding before Judge McGinley. The January 18, 1985 proceeding was not a probation violation hearing as characterized by Judge McGregor but, instead, was held to investigate appellee's non-compliance with Judge McGinley's original sentence. Pertinent to Judge McGinley's inquiry was the fact that on four occasions appellee had failed to appear to serve his sentence. The hearing before Judge McGinley was brief and did not address whether appellee's conduct amounted to obstruction and conspiracy. Secondly, it is evident nothing was "litigated" at that proceeding. Indeed the only testimony presented was appellee's explanation for his failure to appear. Lastly, the obstruction and conspiracy charges were not decided at the January 18, 1985 hearing. Judge McGinley

**1.** 18 Pa.C.S. § 5101, **Obstructing administration of law or other governmental functions:**

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

**2.** 18 Pa.C.S. § 903, **Criminal conspiracy** (in pertinent part):

> **(a) Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in planning or commission of such crime or of an attempt or solicitation to commit such crime.

was able to determine that appellee failed to serve his driving under the influence sentence without examining any of the issues necessary for proof of the obstruction and conspiracy charges.

■■■ In addition to relying on *Ashe, supra,* appellee contends the present prosecution is barred because at the proceeding before Judge McGinley "[n]o indication was made by the prosecuting attorney that the sentence should not be changed because a subsequent criminal prosecution would be brought to punish appellee for the conduct which he candidly admitted to the court. No discussion was held on possible subsequent prosecution, but the matter was treated as if it were concluded" (appellee's brief at 4). In essence, it appears appellee argues the present or subsequent prosecution is barred under 18 Pa.C.S. § 110 [3] and *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (*Campana* I), and *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S.

**3.** 18 Pa.C.S. § 110, **When prosecution barred by former prosecution for different offense** (in pertinent part):

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution is barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separated trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (*Campana* II). The difficulty with this position is that the conduct giving rise to the obstruction and conspiracy charges obviously did not occur until after the initiation of the driving under the influence prosecution. It was a distinct offense demanding a separate prosecution and a separate sentence arising from criminal avoidance of a sentence already imposed. Appellee has not cited any case holding that a prosecution under circumstances such as the case at bar amounts to double punishment. Although Judge McGinley did change the location where appellee would serve his sentence, the length of that sentence remained the same, forty-eight hours. Mere change of the location of where a sentence is to be served does not constitute a new sentence. As such, his actions consisted of neither a contempt finding, a sentence nor a resentence for a probation violation. Judge McGinley simply provided that the original sentence be served at a time and place which could not be circumvented by the defendant.

While research has not disclosed any case directly on point, the analogy submitted by the Commonwealth, *Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984), appears instructive although not on point. In *Allen*, the Court held that a criminal prosecution for rape, criminal trespass and simple assault by defendant against his ex-wife was not barred by a proceeding finding defendant in indirect criminal contempt for violating a court Order entered pursuant to the Protection From Abuse Act, 35 P.S. §§ 10181–10190. In reaching its decision, the *Allen* Court stated:

> Thus in the present case, the indirect criminal contempt proceeding involves elements not necessary to a finding of simple assault, even though assaultive behavior was involved in the contempt. Defendant could have willfully violated the court order by any number of actions, many of which would not have involved assault, or even physical contact or presence. Moreover, the contempt order's

purpose was protection of the court's dignity and enforcement of its order, not punishment for criminal assault. *Id.*, 506 Pa. at 514, 486 A.2d at 370 (footnote and citation omitted). Similarly, in the case at bar, appellee's non-appearance would not necessarily have involved the conduct alleged in the obstruction and conspiracy charge. Judge McGinley's action was directed at enforcement of his sentencing Order, not punishment for obstruction or conspiracy. Thus appellant's arguments are both strained and inappropriate to the facts of this case.

Accordingly, Order reversed. We remand for reinstatement of the criminal information and further proceedings consistent with this Opinion.

Jurisdiction relinquished.