UNITED STATES of America, Plaintiff–Appellee,

v.

Steven Allen RICHARD, Defendant–Appellant.

No. 87–5332.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 1989*.

Memorandum Oct. 18, 1989.

Order and Opinion Dec. 21, 1989.

---

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Elizabeth A. Barranco, Lakeside, Cal., for defendant-appellant.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

PER CURIAM:

Richard, a taxi driver, was tried by jury for transporting illegal aliens. During the trial, he submitted into evidence a taxi trip log allegedly written on the day he was arrested. The government contested the authenticity of the log, asserting it had been prepared for trial purposes and cross-examining Richard on this point. Richard was acquitted of the alien smuggling charge.

Approximately one year later, Richard was again tried by jury, this time for giving false testimony, obstructing justice and using a false document. All charges concerned the trip log introduced at his earlier trial. He moved to dismiss the indictment on double jeopardy grounds, arguing the authenticity of the log had been necessarily determined at his first trial. The district court denied the motion,[1] and Richard was convicted on all counts. He appeals his conviction.

Collateral estoppel, which applies to criminal cases through the constitutional protection against double jeopardy, *Ashe v. Swenson*, 397 U.S. 436, 443–46, 90 S.Ct. 1189, 1194–96, 25 L.Ed.2d 469 (1970), bars a perjury prosecution after acquittal on substantive charges when "an issue of fact or law is actually litigated and determined by a final and valid judgment, and the determination is essential to the judgment." *United States v. Hernandez*, 572 F.2d 218, 220 (9th Cir.1978) (quotation omitted). As we said in *Hernandez:*

> The collateral estoppel analysis involves a three-step process: (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to

---

1. Richard moved to dismiss the indictment before trial and his motion was denied without prejudice. He moved to dismiss again after the government rested, and his motion again was denied. We address only the latter denial.

justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*Id.*

The requirements underlying the first two steps are satisfied in this case. The only remaining question is "whether the issue was necessarily decided." The burden is on Richard to show that the trip log's authenticity was necessarily determined in his first trial. *See United States v. Gugliaro,* 501 F.2d 68, 70 (2d Cir.1974). That he has not done.

■ At trial the defense conceded Richard had transported illegal aliens. The only litigated issue was whether he knew his passengers were illegal aliens. The government relied on the circumstances surrounding the pick-up of the passengers as justifying an inference Richard knew they were aliens. Richard testified the circumstances differed from the government's portrayal of them. The trip log was offered as a tangential circumstance tending to rebut the government's case. The jury may have acquitted Richard because the circumstantial evidence relied upon by the government did not prove Richard's knowledge beyond a reasonable doubt; it may have acquitted Richard because it believed enough of his testimony other than his testimony regarding the trip log to create a reasonable doubt as to his knowledge. Because the jury may have acquitted Richard without determining the trip log was authentic, the authenticity of the log was not necessarily determined by his acquittal, and collateral estoppel does not bar a perjury prosecution based upon fabrication of the log.

■ Richard contends the government was barred from prosecuting him for perjury because the evidence the government introduced at his perjury trial was "available" at the time of his first trial, citing *United States v. Sarno,* 596 F.2d 404, 407 (9th Cir.1979). The language upon which Richard relies is dicta. The decision in *Sarno* rested upon the ground that the central issue in the perjury charge was necessarily resolved by defendant's acquittal in the first trial. Assuming, however, that the government could not merely "rehash" evidence used to show the trip log's falsity at Richard's first trial, it was not required to continue that trial to marshal all possible evidence that Richard was perjuring himself. To construe *Sarno* so broadly would create a *"per se* bar" to subsequent perjury prosecutions. *Cf. id.* Since much of the evidence used at Richard's perjury trial became available to the government only after his first trial, the government clearly did not simply "rehash" the evidence used in the first trial.

AFFIRMED.