**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Aziza KENDRICK, Defendant— Appellant.**

No. 03–50291.

D.C. No. CR–00–00344–RMT–31.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided May 27, 2004.

---

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Ronald L. Cheng, Michael S. Lowe, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

George W. Buehler, Mark J. Geragos, Geragos & Geragos, Los Angeles, CA, for Defendant–Appellant.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Aziza Kendrick was charged with (1) conspiracy to distribute or possess with intent to distribute 3,4—methylenedioxy-methamphetamine ("ecstasy" or "MDMA") in violation of 21 U.S.C. § 846 (Count One), (2) conspiracy to import ecstasy in violation of 21 U.S.C. § 963 (Count Two), and (3) aiding and abetting the importation of ecstasy, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2(a) (Count 10). During her initial trial, the jury acquitted Kendrick on Count One, but deadlocked on Counts Two and Ten. During the retrial of Counts Two and Ten, the jury returned a guilty verdict on both charges. On appeal, Kendrick asserts that the district court incorrectly held that the doctrine of collateral estoppel did not preclude her retrial on Counts Two and Ten. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■■■ We review de novo a district court's application of collateral estoppel. *Littlejohn v. United States,* 321 F.3d 915, 919 (9th Cir.), *cert. denied,* — U.S. —, 124 S.Ct. 486, 157 L.Ed.2d 377 (2003). Collateral estoppel applies in criminal cases through the constitutional protection against double jeopardy. *United States v. Richard,* 892 F.2d 761, 762 (9th Cir.1989) (per curiam). We determine whether collateral estoppel applies using a three-step process:

(1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record in the prior proceeding to ascertain whether the is-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sue was necessarily decided in the first case. *United States v. McLaurin,* 57 F.3d 823, 826 (9th Cir.1995) (internal quotation marks and emphasis omitted).

█ Collateral estoppel did not bar Kendrick's retrial on the Count Two conspiracy to import ecstasy. Although the two conspiracies involved the same drug smuggling and distribution organization, the two conspiracies were legally distinct because they had two distinct objectives, namely, the importation and the distribution of ecstasy. *See Albernaz v. United States,* 450 U.S. 333, 344 & n. 3, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *United States v. Arlt,* 252 F.3d 1032, 1038–39 (9th Cir. 2001) (en banc). Also, the elements of the Count Two conspiracy were not "necessarily decided" by the jury in her favor when it acquitted her on the Count One conspiracy. *United States v. Dipp,* 581 F.2d 1323, 1326 (9th Cir.1978). Therefore, the district court did not err in holding that collateral estoppel did not bar her retrial on Count Two.

█ The same reasoning compels the conclusion that collateral estoppel did not bar Kendrick's retrial on the Count Ten aiding-and-abetting charge, as it charged Kendrick with aiding and abetting in the *importation* of ecstasy, not the *possession* of ecstasy. Moreover, conspiracy and aiding and abetting are separate and distinct offenses, and an acquittal by general verdict on the conspiracy charge does not generally preclude retrial on an aiding-and-abetting charge. *See United States v. Tierney,* 424 F.2d 643, 645 (9th Cir.1970). Therefore, Kendrick's retrial on Counts Two and Ten was not collaterally estopped by her acquittal on Count One.

**AFFIRMED.**