**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kuldip Singh CHAGGAR, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Kuldip Singh Chaggar, Defendant—**
**Appellee.**

Nos. 05–30399, 05–30446.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2006.

Filed Aug. 21, 2006.

Todd L. Greenberg, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee and Plaintiff–Appellant.

Sheryl Gordon McCloud, Esq., Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Defendant–Appellant and Defendant–Appellee.

Jeffery P. Robinson, Esq., Schroeter Goldmark & Bender, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Defendant Kuldip Chaggar appeals from his conviction following a bench trial in the Western District of Washington of one count of intimidating a witness, in violation of 18 U.S.C. § 1512(b), and one count of harassing a witness, in violation of 18 U.S.C. § 1512(d). The United States cross-appeals Chaggar's sentence of 12 months and one day.

### Prosecutorial Vouching

■ Chaggar first contends that, at several points, the prosecutor improperly vouched for the credibility of its key witness, the victim, Sunita Vartia. We are unpersuaded. Because Chaggar's opening statement clearly implied that Vartia was lying in the hopes of receiving favorable treatment from the government, the prosecutor was entitled to elicit information regarding the "truth-telling" provisions in Vartia's plea agreement. *United States v. Monroe,* 943 F.2d 1007, 1014 (9th Cir.

1991). The allegedly improper testimony by the case agent, Agent Leininger, was not elicited by the prosecutor, and thus cannot be said to be prosecutorial vouching. *See United States v. Tavakkoly,* 238 F.3d 1062, 1065–66 (9th Cir.2001). And the prosecutor's comments during closing argument were a fair response to the defense's prior arguments regarding Vartia's credibility. Finally, although the testimony of Vartia's attorney appeared to impermissibly vouch for Vartia's credibility, we are satisfied that any error was harmless at a bench trial conducted by an experienced district judge. *See EEOC v. Farmer Bros.,* 31 F.3d 891, 898 (9th Cir.1994).

### Brady and Napue Claims

■ Chaggar next argues that the prosecutor violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to fully disclose impeachment evidence relating to Vartia's potential bias against Chaggar. Again, we cannot agree. The government provided Chaggar with records detailing the extent of Vartia's cooperation against Chaggar. It provided him with Vartia's presentence report, which indicated that the government intended to move for a downward departure based on Vartia's "substantial cooperation." And Chaggar's attorney, using this information, actually cross-examined Vartia on this very source of bias at trial. Under these circumstances, there was no *Brady* violation. *See United States v. Aichele,* 941 F.2d 761, 764 (9th Cir.1991).

■ Similarly, we find no violation of *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), on these facts. Vartia's testimony that she did not know whether she would receive an additional

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sentencing benefit from cooperating against Chaggar—beyond the benefit she expected from her cooperation in her own drug-smuggling case—has not been shown to be false. *See United States v. Vargas–Martinez*, 569 F.2d 1102, 1104 (9th Cir. 1978).

*The District Court's Pre–Verdict Comments*

■ Chaggar contends that his guilty verdict is unsupportable because the district court was "clearly erroneous" in concluding that Chaggar lacked the permission of Vartia's attorney to meet with Vartia. We reject this argument. The district court's statement was not a formal finding of fact, as evidenced by the fact that the district court specifically entered a general verdict of guilty. Moreover, even if the district court's statement were incorrect, Chaggar suffered no prejudice from it, as lack of consent on the part of Vartia's attorney was not an element of the offenses with which he was charged.

*Mens Rea Requirement*

■ Next, Chaggar argues that the Supreme Court's decision in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005) establishes that the district court applied an improper mens rea requirement in convicting Chaggar. We again disagree. *Andersen* established that a conviction under 18 U.S.C. § 1512(b) requires "consciousness of wrongdoing" on the part of the defendant. *Andersen*, 544 U.S. at 705, 125 S.Ct. 2129. That decision has no import here, however, as Chaggar's defense was that he never made the allegedly threatening statements to Vartia, not that he acted without "consciousness of wrongdoing."

*Lesser–Included Offense*

■ Finally, Chaggar argues that the district court erred in entering judgment against him on both counts of the indictment, because one was a lesser-included offense of the other. We have previously stated in dicta that 18 U.S.C. § 1512(d) is a lesser-included offense of § 1512(b), and we find that that conclusion is sound. *United States v. Lefler*, 880 F.2d 233 (9th Cir.1989).[1] Because a defendant may not be convicted of both a greater offense and a lesser-included offense, *see Rutledge v. United States*, 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), Chaggar's conviction under 18 U.S.C. § 1512(d) must be vacated.

*The Government's Cross–Appeal*

■ The government appeals the sentence as unreasonable. It is apparent that the district court regarded Chaggar's potential loss of his professional license as a heavy blow. We note that the record does not indicate whether Chaggar has been disbarred, either permanently or subject to reinstatement, in Canada or in England. In any event, we do not consider Chaggar's possible loss of his license to be a reason to mitigate his sentence, especially when the Sentencing Guidelines prescribe an enhancement for misuse of a lawyer's professional status.

The district court also noted that the case had been "very close." That cannot have been a reason for a low sentence. After all, the same district judge had found Chaggar guilty beyond a reasonable doubt. The case may have been "very close" in the sense that there was a question of credibility. Who was the judge to believe—the defendant or his accuser? Once the issue of credibility was resolved

---

1. At the time *Lefler* was decided, what is now § 1512(d) was codified at § 1512(c).

against Chaggar, however, his crime was conspicuous.

What appears to be the third reason for the sentence is the letters the court received from former clients of Chaggar. They showed that "he took his responsibilities as a lawyer very seriously." They showed that he was valued as a lawyer. They were insufficient to show that the sentence for this serious crime was reasonable.

■ In sum, we find that the reasons articulated by the district court do not support a sentence of a year and a day in prison for the crime of intimidating a cooperating witness in a federal prosecution. On this record, Chaggar's sentence is unreasonably low and, accordingly, must be vacated. We remand the case for resentencing in accordance with the factors set forth in 18 U.S.C. § 3553(a).[2]

Chaggar's conviction under § 1512(b) is AFFIRMED; Chaggar's conviction under § 1512(d) is VACATED; Chaggar's sentence is VACATED and the case is REMANDED for resentencing.[3]

---

2. At argument, the government indicated that Chaggar had recently completed his sentence and was in immigration custody pending his removal to Canada. Upon remand, the district court shall either detain Chaggar pending resentencing or establish terms of release sufficient to ensure Chaggar's appearance at any future resentencing hearing.

3. We GRANT the government's motion to take judicial notice of Vartia's plea agreement and PSR, and also GRANT Chaggar's motion to take judicial notice of the transcript of Vartia's sentencing hearing. The government's motion to detain Chaggar pending resentencing is DENIED as moot.

