UNITED STATES of America,
Plaintiff-Appellee,

v.

Gilberto ARBELAEZ,
Defendant-Appellant.

No. 85–1282.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 1986.*

Decided March 11, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Thomas T. Couris, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Gilberto Arbalaez, in pro per, Milan, Michigan, for defendant-appellant.

Before PREGERSON, POOLE and NOONAN, Circuit Judges.

PER CURIAM:

The district court denied Gilberto Arbelaez's motion under Fed.R.Crim.P. 35 to modify the sentences imposed upon him after his conviction on Counts I, II, and III charging violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("Drug Act"), 21 U.S.C. §§ 801–966. He appeals *pro se.* We affirm in part and reverse in part.

Arbelaez was convicted by a jury of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II); and aiding and abetting the possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count III). The court sentenced him to 15 years on each count, to run consecutively, and imposed a special parole term on Counts II and III for the balance of his natural life.

The facts of this case are recounted in *United States v. Arbelaez,* 719 F.2d 1453 (9th Cir.1983), *cert. denied,* 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984), in which Arbelaez's convictions were affirmed on direct appeal. For purposes of this appeal, we need only relate the following facts. At a Miami hotel, Arbelaez supplied Alfonso Beron with three kilograms of cocaine. Beron then flew to Sacramento to sell them to customers. The following day Beron was arrested. At the time of his arrest, Drug Enforcement Administration agents seized two kilograms of cocaine. *Id.* at 1457.

■ We review the legality of a sentence *de novo. United States v. Whitney,* 785 F.2d 824, 825 (9th Cir.1986) (per curiam).

■ Arbelaez contends that *United States v. Palafox,* 764 F.2d 558 (9th Cir. 1985) (en banc), prohibits the imposition of separate sentences for aiding and abetting distribution and aiding and abetting possession. After giving an undercover agent a small sample of heroin, Palafox was arrested. Subsequently convicted of both possession with intent to distribute and distribution, Palafox received separate sentences for each conviction. In *Palafox* we held "that where the defendant distributes a sample and retains the remainder for the purpose of making an immediate distribution to the same recipients at the same place and at the same time, verdicts of guilty may be returned on both counts but the defendant may be punished on only one." *Id.* at 560.

By examining the legislative history of the Drug Act and analogizing it to the Federal Bank Robbery Act, 18 U.S.C. § 2113, which creates the dual offenses of entering a bank with the intent to rob it and bank robbery in itself, we determined that Congress did not intend to " 'pyramid the penalties' " by creating two separate offenses. *Id.* at 561 (quoting *Prince v. United States,* 352 U.S. 322, 327, 77 S.Ct. 403, 406, 1 L.Ed.2d 370 (1957)). We said "[t]he general rule under § 841(a)(1) is, consistent with *Prince,* that where the defendant is convicted of multiple criminal steps leading to the same criminal undertaking, only one punishment should be imposed." *Id.* at 563.

In *United States v. Rodriguez-Ramirez,* 777 F.2d 454 (9th Cir.1985), we affirmed the defendant's separate convictions and punishments for possession and distribution where the defendant distributed a heroin sample on October 5th and was arrested for possession of the remainder on October 7th "[b]ecause the distribution of the sample and the possession of the remainder did not occur 'at the same time, in the same place, and with the involvement of the same participants.' " *Id.* at 457–58 (quoting *Palafox,* 764 F.2d at 563).

In *United States v. Touw,* 769 F.2d 571 (9th Cir.1985), we vacated the defendants' sentences with instructions for resentencing on only one conviction where the defendants were convicted of both conspiracy to possess marijuana and attempted possession. Although defendants were shown marijuana by DEA agents on two occasions, they attempted to make a purchase only on the second showing. Citing *Palafox* for the proposition that Congress did not intend to punish a defendant more than

once for the same criminal undertaking, we held that defendants could be punished for only one count because they "engaged in a single act when they attempted to purchase marijuana from DEA agents." *Id.* at 574.

Later, we vacated judgments of conviction and sentences in *United States v. Wilson,* 781 F.2d 1438 (9th Cir.1986) (per curiam). Wilson was convicted and sentenced for possession of piperidine (used to make PCP), manufacturing PCC (also used to make PCP) and attempting to manufacture PCP. The first two acts were steps in the defendant's attempt to manufacture PCP. Relying on *Palafox,* we held that the defendant could only be sentenced for attempting to manufacture PCP because the three counts were "successive steps of one criminal undertaking." *Id.* at 1440.

Recently, in *United States v. McQuisten,* 795 F.2d 858 (9th Cir.1986), we affirmed the imposition of separate sentences for convictions for both a conspiracy and an attempt to manufacture methamphetamine. After reviewing *Palafox* and its progeny, we said:

> Here we do not have one transaction occurring at the same place and time and between the same participants as in *Palafox.* Nor do we have merely successive steps in one criminal undertaking as in *Wilson.* Rather, we have several distinct criminal acts.

*Id.* at 868.

Here, Arbelaez's *single act* of giving Beron three kilograms of cocaine produced two convictions: aiding and abetting possession and aiding and abetting distribution. Arbelaez also participated in a conspiracy which entailed regularly supplying Beron with cocaine. He supplied Beron with the three kilograms thereby facilitating Beron's drug distribution.

Regardless of whether Beron could be convicted and sentenced for the separate acts of possession and subsequent distribution under *Palafox,* Arbelaez's role was limited to the *one act* of giving Beron three kilograms of cocaine. In *Palafox,* we noted that where a *single act* forms the basis of multiple criminal charges, "the government may prosecute and the defendant

may be found guilty of both charges, but the court may impose only one sentence." *Palafox,* 764 F.2d at 562. While the facts here are not on all fours with our previous cases discussed above, we believe that the thrust of those decisions tells us to remand so that the district court may vacate and stay the entry of judgment and imposition of sentence on one of the aiding and abetting counts. *See Palafox* at 564.

Furthermore, Arbelaez advances three different theories in arguing that he can not be punished both for conspiracy and the related substantive offenses of aiding and abetting distribution and possession. All three theories lack merit.

First, Arbelaez asserts that the Double Jeopardy Clause of the Fifth Amendment precludes punishment for both conspiracy and an underlying substantive act. Second, he argues that aiding and abetting distribution and possession (Counts II and III) are lesser included offenses of the conspiracy count (Count I) or, alternatively, that Count I is a lesser included offense of Counts II and III. Finally, arguing that the conspiracy here was an attempt, Arbelaez contends that 18 U.S. C.A. § 3584(a) precludes consecutive sentences for both the substantive aiding and abetting offenses and what he characterizes as an attempt to aid and abet.

Arbelaez's first two arguments amount in substance to a claim that there is a merger of the conspiracy charge and the underlying substantive charges. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) has set out the following test: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. Conspiracy requires proof of an agreement. *United States v. Wylie,* 625 F.2d 1371, 1381 (9th Cir.1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). Aiding and abetting does not require agreement. *United States v. Van Brandy,* 726

F.2d 548, 552 (9th Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 79 (1984). Thus, conspiracy and aiding and abetting are separate offenses. *See id.;* *United States v. Tierney,* 424 F.2d 643, 645 (9th Cir.), *cert. denied,* 400 U.S. 850, 91 S.Ct. 53, 27 L.Ed.2d 87 (1970). As conspiracy and aiding and abetting constitute separate offenses, one is not a lesser included offense of the other. Further, the *Blockburger* test is not a rule of constitutional dimension; rather, it is a method for ascertaining Congressional intent. In *Wylie,* we examined the Drug Act in the context of a similar challenge, saying, "[w]e find nothing in either the Act or the legislative history which would indicate that Congress intended to depart from the general rule that courts can impose separate sentences for the conspiracy to commit an offense and the accomplishment of the substantive offense itself." 625 F.2d at 1381. Because Arbelaez can be punished for both conspiracy and the underlying substantive offenses, his convictions on Counts I, II, and III are proper.

The essential elements of a conspiracy are: (1) an agreement to accomplish an illegal objective, (2) one or more overt acts in furtherance of the illegal objective and (3) the requisite intent necessary to commit the underlying substantive offense. *United States v. Melchor-Lopez,* 627 F.2d 886, 890 (9th Cir.1980). By contrast, the elements of an attempt are (1) intent to engage in criminal conduct and (2) an overt act which is a substantial step towards commission of the crime. *See* *United States v. Snell,* 627 F.2d 186, 187 (9th Cir.1980) (per curiam), *cert. denied,* 450 U.S. 957, 101 S.Ct. 1416, 67 L.Ed.2d 382 (1981). Because an attempt does not require agreement, a necessary element of a conspiracy, the two are not the same, and Arbelaez's third argument fails. *See id.* at 188.

In conclusion, we affirm Arbelaez's convictions on Counts I, II, and III, and his sentence on Count I, but remand with instructions to the district court to vacate and stay the entry of judgment and the imposition of sentence on either Count II or

III. The stay shall become permanent upon service of the sentences of imprisonment on the remaining counts.

AFFIRMED IN PART AND REMANDED IN PART.