933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helen SMYKOWSKI, Defendant-Appellant.
 No. 90-2172.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1991.
 
 Before MERRITT, Chief Judge, and ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendant was indicted in March of 1987. She was sentenced on March 8, 1988, to five years for conspiracy (18 U.S.C. Sec. 371(1)), five years for wire fraud (18 U.S.C. Sec. 1343) and five years for mail fraud (18 U.S.C. Sec. 1341) with the terms to be consecutive. A motion to vacate sentence was denied on May 31, 1989. Her conviction was affirmed on appeal by a Rule 19, Rules of the Sixth Circuit, bench decision on August 18, 1989. A motion to reduce sentence was denied on January 12, 1990. On September 19, 1990, defendant filed a motion to correct an illegal sentence pursuant to Fed.R.Crim.P.P. 35 and 18 U.S.C. Sec. 3582. She alleged that terms of imprisonment may not run consecutively for an attempt or for another offense that was the sole objective of the attempt. She stated that her husband, Walter, used her to run errands for his business which involved defrauding others of money and/or possessions. As a result, she argued that the counts of wire fraud and mail fraud were part of the attempt to defraud and should not be treated as separate from the conspiracy pursuant to 18 U.S.C. Sec. 3582. The district court determined that the sentence imposed complied with the law and it denied her motion to correct. She timely appealed.
 
 
 3
 On appeal, defendant argues that her convictions for wire fraud and mail fraud should be vacated because they were part of the entire "attempt" to defraud or that the three consecutive sentences should run concurrently. She further argues that each conviction requires proof of the other and, therefore, does not meet the test of Blockburger v. United States, 284 U.S. 299 (1932). Defendant states that the sentence violated 18 U.S.C. Sec. 3584(a) and that she was denied due process by the district court failing to require the government to respond to her motion and failing to state the basis in law for the denial of the motion to correct the sentence.
 
 
 4
 Although defendant was charged with three separate counts as a result of activities to defraud persons of money and/or property, each crime requires the proof of facts or elements that the other does not. Therefore, she was not subjected to double jeopardy or improperly sentenced to multiple terms. See Blockburger v. United States, 284 U.S. at 304; United States v. Arbelaez, 812 F.2d 530, 533-34 (9th Cir.1987) (per curiam).
 
 
 5
 Defendant's argument that the sentence violated 18 U.S.C. Sec. 3584(a) must also fail. Section 3584(a) provides multiple terms of imprisonment "may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." However, defendant mischaracterizes the crimes of which she was convicted. She was not convicted of an attempt and for another offense that was the sole objective of the attempt. Instead, she was convicted of three separate crimes. The district court did not abuse its discretion in imposing consecutive sentences.
 
 
 6
 It is also clear that the failure of the district court to require the United States to respond to her Fed.R.Crim.P. 35 motion or state a basis in law for the ruling did not violate any right of the defendant. The failure of the United States to respond to the motion did not prejudice the defendant. In addition, although the district court apparently considered the merits of the defendant's motion for correction of sentence, defendant did not file it within the time constraints of Fed.R.Crim.P. 35(b).
 
 
 7
 The district court's ruling on the motion for correction of sentence did not include findings of fact and conclusions of law. Such was not necessary in the instant case where the record conclusively showed that the defendant was not entitled to relief. See United States v. Edwards, 711 F.2d 633, 633 (5th Cir.1983).
 
 
 8
 It is ORDERED that the October 10, 1990, order denying the Fed.R.Crim.P. 35 motion be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.