949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Ray FREELOVE, Defendant-Appellant.
 Nos. 89-30274, 91-30037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1991.
Decided Dec. 4, 1991.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norman Ray Freelove appeals from four consecutive sentences imposed upon him by the district court after he pled guilty to receiving, possessing, and disposing of property stolen from a savings and loan association, transporting in interstate commerce traveler's checks bearing forged signatures, escape, and conspiracy to escape. Freelove claims that his case should be remanded for resentencing because the district court violated Rule 32, Fed.R.Crim.P., during the sentencing process. He further claims that the four sentences should merge into two consecutive sentences. We affirm the ruling of the district court.
 
 
 3
 Freelove claims that the court violated Rule 32(c)(3)(D), Fed.R.Crim.P., by failing to make a factual finding as to matters that were contained in the presentence investigation report and that he contends were controverted by Freelove at the sentencing hearing. Rule 32(c)(3)(D) applies where a defendant alleges "any factual inaccuracy in the presentence investigation report." Fed.R.Crim.P. 32(c)(3)(D) (amended 1984). Freelove's statement during the sentencing hearing did not controvert the essential facts contained in the presentence report. The district court did not err. See United States v. Turner, 898 F.2d 705, 710 (9th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 2574 (1990) (objection to inclusion of statements in presentence report was not considered a challenge to the factual accuracy of those statements).
 
 
 4
 Freelove also contends that the district court failed to make the presentencing report available to Freelove in a timely manner. We decline to address the merits of this argument because it was not clearly raised in Freelove's opening brief. See United States v. Luther, 521 F.2d 408, 411 (9th Cir.1975).
 
 
 5
 Freelove argues that the cumulative sentences violated the Double Jeopardy Clause, the doctrine of merger of sentences, and the doctrine of lenity. We disagree. The Double Jeopardy Clause of the Fifth Amendment protects against multiple punishments for the same offense. A single act may constitute more than one offense, however, and the Double Jeopardy Clause does not prevent Congress from prescribing separate punishments for each offense. United States v. Anderson, 850 F.2d 563, 566 (9th Cir.1988).
 
 
 6
 Freelove was sentenced to two consecutive ten-year terms for receiving, possessing, and disposing of property stolen from a savings and loan association in violation of 18 U.S.C. § 2113(c), and for transporting forged traveler's checks in interstate commerce in violation of 18 U.S.C. § 2314. Although the charges refer to the same set of traveler's checks and the same time period, the statutes violated by Freelove address different aspects of his conduct and serve different purposes. Each requires proof of an element that the other does not, and there is no ambiguity or indication of legislative intent not to allow cumulative punishment. See Garrett v. United States, 471 U.S. 773, 779 (1985); Albernaz v. United States, 450 U.S. 333, 340 (1981).
 
 
 7
 The same analysis applies to the sentences imposed upon Freelove for escape in violation of 18 U.S.C. § 751, and for conspiring to escape in violation of 18 U.S.C. § 371. The statutes serve different purposes and contain different elements.
 
 
 8
 Freelove argues that the existence of a separate statute punishing one who "rescues or attempts to rescue or instigates, aids or assists" an escape is evidence of congressional intent not to authorize punishment for conspiracy to violate the escape statute. See 18 U.S.C. § 752(a). Freelove's argument is inconsistent with the principle that separate sentences may be imposed for conspiracy and for the substantive offense that is the object of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 643 (1946); Wylie v. United States, 625 F.2d 1371, 1379 (9th Cir.1980), cert. denied, 449 U.S. 1080 (1981). Only where the agreement itself is necessary for the completion of the substantive crime do the charges merge under Wharton's Rule. Ianelli v. United States, 420 U.S. 770 (1975). Conspiracy is not necessary for escape. Furthermore, the existence of the statute punishing one who aids an escape does not negate the crime of conspiracy. See United States v. Arbelaez, 812 F.2d 530, 533 (9th Cir.1987).
 
 
 9
 We affirm the sentences imposed upon Freelove by the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3