953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernest COLLINS, Defendant-Appellant.
 No. 90-10611.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 16, 1992.*
Decided Jan. 23, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernest Collins appeals pro se the denial of his Fed.R.Crim.P. 35 motion to vacate the sentence imposed on him for armed bank robbery and conspiracy to commit armed bank robbery. We affirm.
 
 
 3
 On July 13, 1984, Bernest Collins was convicted under 18 U.S.C. § 2113 on nine separate counts of armed bank robbery, and under 18 U.S.C. § 371 on one count of conspiracy to commit armed bank robbery. The court sentenced Collins to 80 years imprisonment: consecutive 25-year sentences for three of the robbery convictions, a consecutive 5-year sentence for conspiracy, and concurrent 25-year sentences for the remaining six robbery convictions. Collins unsuccessfully appealed his conviction and sentence. See United States v. McClendon, 782 F.2d 785 (9th Cir.1986).
 
 
 4
 On April 25, 1990, Collins filed a Fed.R.Crim.P. 35 motion to correct his "illegal" sentence. The district court denied Collins' motion on July 19. On November 2, 1990, Collins filed his notice of appeal.
 
 
 5
 Collins argues that his conviction and sentencing for both aiding and abetting bank robbery and conspiracy to commit bank robbery is illegal. Collins argues that aiding and abetting is a lesser included offense of conspiracy and that punishment of him for both offenses violated the double jeopardy clause of the fifth amendment. These arguments were rejected in United States v. Arbelaez, 812 F.2d 530, 533-34 (9th Cir.1987). Although Arbelaez held that Arbelaez's single act of giving the buyer three kilograms of cocaine could result in only one sentence despite two convictions, one for aiding and abetting possession, the other for aiding and abetting distribution, he could be convicted and punished for both the substantive offense and the conspiracy. The latter holding controls this case.
 
 
 6
 Because Collins' substantive arguments are without merit, we need not decide whether Collins' notice of appeal was filed in an untimely manner.
 
 
 7
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3