**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas G. SMITH, Defendant–
Appellant.**

**Nos. 91–1612, 91–1816.**

United States Court of Appeals,
Sixth Circuit.

Argued March 19, 1992.

Decided May 11, 1992.

Janice Kittel Mann, Asst. U.S. Atty. (argued), Michael A. MacDonald (briefed), Grand Rapids, Mich., for plaintiff-appellee.

Bernard L. Segal (argued and briefed), San Francisco, Cal., for defendant-appellant.

Before: KENNEDY and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Defendant Thomas Smith appeals his conviction of possession of marijuana with intent to distribute and a prior order denying a motion to dismiss that charge, both on the grounds of double jeopardy. For the reasons set forth below, we AFFIRM the decision and judgment of the District Court.

## I.

In 1986, Smith was indicted in the Western District of Michigan under a multiple defendant, multiple count indictment. The indictment charged him with interstate travel in furtherance of a racketeering enterprise and with possession of 1,800 pounds of marijuana with intent to distribute it. At that time he was at large as a fugitive on a federal conviction in Massachusetts. In 1988, Smith was apprehended in California. At the time of his arrest, he was under indictment for various drug charges in Michigan, Massachusetts and Arizona. The District of Arizona requested that the other two districts (Michigan and Massachusetts) cede priority in obtaining defendant, as it had a multiple defendant drug trial pending, in which defendant would face a charge of violating 21 U.S.C. § 848, the continuing criminal enterprise statute ("CCE"). Among the requisite predicate acts identified under the Arizona CCE charge was the possession with intent to distribute activity at issue in the Michigan indictment.

Smith was convicted of the CCE charge in the fall of 1990. He was subsequently removed to Michigan and arraigned in January 1991. He then filed a motion to dismiss the charges against him, on the grounds that he had been tried and convicted for the same conduct in the Arizona proceeding, and therefore would be subjected to double jeopardy, in violation of the Fifth Amendment, if he were to stand trial in Michigan. The District Court denied this motion. Smith then pled guilty, and now appeals both the denial of the motion to dismiss and the conviction entered on his plea.

## II.

At first glance, Smith's argument would seem to fall squarely under *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), in which the Court held that a prior conviction for one of the predicate acts did not bar its use to substantiate a subsequent CCE charge. In *Garrett*, the Court held that the CCE provisions were intended to be separate substantive offenses, independent of the predicate act offenses, and that the traditional analysis under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) was not dispositive of the issue. The Court then held that the Fifth Amendment

Double Jeopardy clause did not prevent the government from presenting such charges in separate, subsequent proceedings.

Smith advances several arguments in attempting to avoid the full weight of *Garrett*. We address these in turn, ultimately concluding that the essence of the *Garrett* opinion mandates that we find no double jeopardy violation for successive prosecutions on CCE charges and the underlying predicate offenses.

### III.

In 1990, the Supreme Court appeared to add a new dimension to the Fifth Amendment landscape through its opinion in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Grady* involved successive prosecutions for misdemeanor traffic violations (driving on the wrong side of the road, driving while intoxicated) and then felony manslaughter. The Court held that, to the extent the government will prove *conduct* that constitutes an offense for which a defendant has already been prosecuted to establish an essential element of an offense in the second trial, the second charge is barred by double jeopardy.

Smith argues that *Grady* is controlling here, and bars his predicate offense conviction after the CCE conviction, the clear result under *Garrett* notwithstanding. We disagree, for several reasons. The *Grady* opinion gives no indication of an intent to overrule *Garrett*, and in fact cites it with approval. *Grady* was written by a dissenting Justice in *Garrett*, yet *Grady* does not cite to that dissent. We do not consider *Grady* to have intended to overrule *Garrett*.

Since this case was heard on appeal, the Supreme Court has revisited the *Garrett/Grady* interplay. In *United States v. Felix*, — U.S. —, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), the Court held that despite the literal language of *Grady*, relied upon here by Smith, *Grady* was not intended to overturn existing precedent in the double jeopardy context. The *Felix* case involved a defendant charged both with conspiracy and with the substantive offense. The Court held that inasmuch as the crux of the conspiracy offense was the *agreement*, distinct from the conduct the wrongfulness of which was the core of the substantive offense, double jeopardy did not bar both prosecutions. The *Felix* Court also noted that the *Grady* analysis was much better suited to cases involving quasi-lesser included offenses, and reiterated its caution against mechanically applying the language and analysis from classically simple situations to those presenting multiple layers of conduct, time and place, such as a continuing criminal enterprise. *Id.* at —, 112 S.Ct. at 1385.

To whatever extent *Grady* may have been considered to have undermined *Garrett*, therefore, we believe *Felix* has clarified matters. Clearly, both the holding and reasoning of *Garrett* survive *Grady*. In fact, *Felix* specifically referred to *Garrett*, and deemed it favorably analogous to the issue presented. *Felix*, — U.S. at —, 112 S.Ct. at 1385. ("Reliance on the lesser included offense analysis, however useful in the context of a 'single course of conduct' ... falls short in examining CCE offenses that are based on previously prosecuted predicate acts.") We have no difficulty concluding, therefore, that *Garrett* remains good law, and that prosecution for both substantive offenses and for CCE offenses for which the substantive offenses serve as the requisite predicate acts does not violate the double jeopardy clause. Just as a defendant may be tried for both an agreement to commit substantive offenses and for committing those offenses, a defendant may be tried for committing substantive offenses and for engaging in conduct that directs a continuing criminal enterprise. Smith's participation in the wrongful conduct of transporting with intent to distribute was properly prosecuted in Michigan, and his participation in running a continuing criminal enterprise was properly prosecuted in his Arizona trial.

### IV.

In light of the foregoing, we AFFIRM the decision and judgment of the District Court.