**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0690n.06
Filed: November 12, 2008

**NO. 07-5361**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| JOHN T. DAVIS, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

Before: MOORE and COOK, Circuit Judges; HOOD, Senior District Judge.[*]

HOOD, Senior District Judge. A jury convicted John T. Davis ("Davis") of conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), aiding and abetting an attempt to possess five kilograms or more of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Three) and 18 U.S.C. § 2 , and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five). Davis was sentenced to the statutory mandatory minimum term of imprisonment of 240 months on the drug charges and to a concurrent sentence of 120 months on the firearm charge. Davis appeals his conviction and his sentence on numerous grounds. For the reasons that follow, we affirm Davis's conviction and sentence.

---

*The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I. FACTS

On June 13, 2006, a federal grand jury returned a superceding indictment charging Davis and co-defendants Aldifonso Gonzales and Johnny Fachorn with conspiring between December 1, 2004 and February 17, 2006, to distribute and possess with the intent to distribute five kilograms or more of cocaine (Count One), conspiring to distribute and possess with the intent to distribute 500 grams or more of methamphetamine (Count Two), and aiding and abetting one another in an attempt to possess five kilograms or more of cocaine with the intent to distribute (Count Three). Davis was also charged with possession of a firearm in furtherance of the cocaine offense charged in Count Three, in violation of 18 U.S.C. § 924(c)(1) (Count Four), and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five).

Davis's co-defendants Gonzales and Fachorn pleaded guilty to the conspiracy charged in Count One. On October 31, 2006, after a five-day jury trial, Davis was convicted of the Count One conspiracy offense, the Count Three substantive drug offense, and the Count Five felon-in-possession offense. The jury found Davis not guilty of the crimes charged in Counts Two and Four. On March 19, 2007, Davis was sentenced to the statutory mandatory minimum term of imprisonment of 240 months on Counts One and Three and to a concurrent sentence of 120 months on Count Five. Davis timely appealed.

## II. ANALYSIS

### A. DEA Agents

Davis contends that the court below erred in allowing Drug Enforcement Agents Templeton and Wilson to testify regarding terms and practices related to drug trafficking when those terms and

practices were outside the knowledge of lay persons "without having the agent qualified as experts and bypassing the reliability requirement for admission of expert testimony." Davis again concedes that the issue was not raised in the court below and this Court merely reviews for plain error.

Specifically, Davis complains that Agents Templeton and Wilson should not have been permitted to explain the term "fronting" as it relates to drug trafficking. Fed. R. Evid. 702 permits the admission of specialized knowledge from a witness qualified as an expert by "knowledge, skill, experience, training, or education" if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. This Court "regularly allows qualified law enforcement personnel to testify on characteristics of criminal activity, as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman." *United States v. Swafford*, 385 F.3d 1026, 1030 (6th Cir. 2004) (citing *United States v. Thomas*, 99 Fed. Appx. 665, 668-69 (6th Cir. 2004)).

The district court gave the jury the following limiting instruction concerning expert testimony:

> The rules of evidence provide if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, or training or education may testify and state his opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Defendant does not contest that Agents Templeton and Wilson were in fact qualified to provide specialized testimony concerning drug trafficking, only complaining that the district court did not squarely address the issue of their qualifications. This fact, when combined with the rule of

3

*Swafford*, requires a finding that the district court did not plainly err in failing to *sua sponte* address the issue of the agents' qualifications as experts on drug trafficking.

B.  Double Jeopardy

The Fifth Amendment of the United States Constitution requires that no person be punished twice for the same offense.  U.S. Const. amend. V.   Davis argues that he was subjected to double jeopardy in violation of the Fifth Amendment based upon his convictions on the conspiracy charged in Count One and the substantive drug offense charged in Count Three.  Again, Defendant concedes that this alleged error was not raised below and that this Court's review is for plain error.  *See United States v. Davis*, 306 F.3d 398, 416-17 (6th Cir. 2002)

Count One charged Davis with "conspir[ing] . . . to commit violations of 21 U.S.C. § 841(a)(1), that is, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance."  As discussed, *supra*, Count Three charged Davis with the substantive drug offense of attempting to possess with the intent to distribute the five kilograms of cocaine.  In *United States v. Felix*, 503 U.S. 378 (1992), the Supreme Court reaffirmed the "rule that a substantive crime and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes. *Id.* at 389. *See also Murr v. United States*, 200 F.3d 895 (6th Cir. 2000); *United States v. Smith,* 963 F.2d 892 (6th Cir. 1992); *United States v. Barrett*, 933 F.2d 355 (6th Cir. 1991).

Davis correctly points out that in *Rutledge v. United States*, 517 U.S. 292 (1996), the Supreme Court held that conspiracy to distribute controlled substances is a lesser included offense of conducting a continuing criminal enterprise.  *Rutledge* did not hold, however, that conspiracy to possess with intent to distribute a controlled substance is a lesser-included offense of aiding and

abetting an attempt to possess with the intent to distribute a controlled substance. Davis also finds no support for his position in the case law of this Court. Other courts have expressly rejected the argument that the rule affirmed in *Felix* is altered when the substantive offense charges aiding and abetting. *See United States v. Rivera-Martinez*, 931 F.2d 148 (1st Cir. 1991) (holding that double jeopardy clause did not prohibit sentences for both the continuing criminal enterprise and aiding and abetting); *see also United States v. Arbelaez*, 812 F.2d 530 (9th Cir. 1987) (holding that punishment of defendant convicted of conspiracy to possess cocaine with the intent to distribute and of aiding and abetting was not precluded by the double jeopardy clause). We hold the act of conspiring to possess cocaine is separate and distinct from aiding and abetting the actual attempt to possess the cocaine. No plain error is found.

C. Sufficiency of the Indictment

Defendant first argues that Count Three of the indictment failed to sufficiently charge aiding and abetting an attempt to possess more than five kilograms of cocaine because it did not allege (1) any overt act as a substantial step toward the underlying attempt, (2) any particular act of help or encouragement as an aider and abettor, and (3) that Defendant intended to help commit or encourage the offense. Defendant concedes that this objection was not raised below and that this Court's review is for plain error. (Def. Br. 34). *United States v. McAuliffe,* 490 F.3d 526, 530-31 (6th Cir. 2007) (citing Fed. R. Crim. P. 52(b) and *United States v. Cotton*, 535 U.S. 625, 631-32 (2002)).

An indictment is sufficient if it "fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished." *McAuliffe*, 490 F.3d at 531 (citing *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005) (internal citation and quotation marks omitted)).

In particular, the indictment must: (1) "set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]" and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts."

*Id.* "An indictment is to be construed liberally in favor of its sufficiency." *Id.* (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002)).

Count Three charged that "on or about February 17, 2006, within the Eastern District of Tennessee and elsewhere, the defendants . . . aided and abetted by each other, did knowingly and intentionally attempt to possess with the intent to distribute five kilograms or more of . . . cocaine." As noted by Davis, the Supreme Court recently held that to charge an attempt to commit a criminal act, the indictment "need not specifically allege a particular overt act." *United States v. Resendiz-Ponce*, 549 U.S. 102, --- , 127 S.Ct. 782, 788 (2007); *accord McAuliffe*, 490 F.3d at 531. The substantial step or overt act is charged where the grand jury alleges that a defendant "did attempt" the commission of a specific criminal act. *Resendiz-Ponce*, 127 S.Ct. at 788 ("Not only does the word 'attempt' as used in common parlance connote action rather than mere intent, but, more importantly, as used in the law for centuries, it encompasses both the overt act and intent elements.").

Davis's argument that the indictment failed to allege specific instances of encouragement or assistance he performed in furtherance of the crime also fails. This Court previously announced the rule that "an indictment is not defective merely because it does not explain in what respect the defendant aided or abetted." *Davis,* 306 F.3d at 412.

Viewed under the liberal standard of review with which this Court must consider the indictment, it is apparent that the indictment provided Davis with adequate notice of the crimes charged and was not defective.

D.  Search of Tennessee Residence

Davis argues that the district court erred in denying his motion to suppress the evidence seized from his Tennessee residence because the affidavit in support of the search warrant did not establish a sufficient nexus between his residence and his drug trafficking. The motion to suppress was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the motion to suppress be denied and advised Davis that any objections to the report and recommendation should be filed within ten days. No objections were filed, and the district court adopted the report and recommendation as its own, denying Davis's motion to suppress.

Failure to file objections to a report and recommendation after receiving notice constitutes a waiver of the issue on appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). Absent identification of an error so egregious that failure to permit appellate review would result in a miscarriage of justice, this Court will not review such assignments of error on appeal. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Davis having failed to object to the report and recommendation in the court below and having failed to identify any egregious error, the Court declines to consider this objection on appeal.

E. Protective Sweep of Florida Residence

Davis argues that the search of his Florida residence incident to his arrest violated his Fourth Amendment rights and that the fruit of the search should have been suppressed. Davis failed to file a motion to suppress said evidence and has thus waived his objection on appeal. *See United States v. Lopez-Medina*, 461 F.3d 724, 738 (6th Cir. 2006).

F. Propensity evidence

Davis next contends that the district court erred in admitting evidence pursuant to Fed. R.

Evid. 404(b). Davis fails to specify which evidence was improperly admitted, referring only to "certain 404(b)-type evidence" and "a host of other 404(b)-type evidence." In addition to the fact that the issue was not raised below and is, thus, forfeited on appeal, the Court declines to review the matter as "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Johnson,* 440 F.3d 832, 846 (6th Cir. 2006).

G. Sufficiency of the Evidence

Davis argues that there was insufficient evidence for the jury to convict him on Counts One, Three and Five. At the close of the prosecution's case, Davis made a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. It does not appear that Davis renewed that motion at the close of all evidence. Accordingly, this Court's review is "limited to determining whether there was a manifest miscarriage of justice." *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) (citing *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998) (internal quotation marks omitted)). Even if Davis had renewed his motion, permitting this Court to review the matter under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the evidence, when viewed in a light most favorable to the prosecution, would have allowed a rational trier of fact to find the elements of the crimes beyond a reasonable doubt. "When deciding whether any rational trier of fact could have found the essential elements of the crime, this court does not 'weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury.'" *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (citing *United States v. Chavis,* 296 F.3d 450, 455 (6th Cir. 2002)).

1. Count One

The essential elements of the drug conspiracy charge in Count One include: an agreement

8

to violate the drug laws; knowledge of and intent to join the conspiracy; and participation in the conspiracy. *See* 21 U.S.C. §§ 841(a)(1) and 846; *see also Gardner*, 488 F.3d at 710. Davis argues that there was "no consistent or reliable testimony about the amount of the cocaine" and that the amount of money he possessed was insufficient to purchase the five kilograms of cocaine charged in the indictment. Based upon the testimony of Davis's co-defendant, Gonzalez, about the amount of cocaine involved, a rational juror could have believed that the conspiracy lasting from December 2004 to February 2006 included well over five kilograms of cocaine.

2. Count Three

Davis argues the evidence was insufficient to prove beyond a reasonable doubt that he aided and abetted the attempt to possess cocaine because "[t]here were not meetings or conversations between Jesse [Marino, the confidential informant] and Mr. Davis" and "Mr. Davis's interaction with [co-defendant] Fachorn was virtually nonexistent, or at most benign." To prove that Davis aided and abetted the attempt to possess cocaine, the United States had to prove (1) an act by Davis that contributed to the commission of the  attempt to possess cocaine and (2) Davis's intent to aid in the crime's commission. *Gardner,* 488 at 714.

At trial, there was evidence that Davis aided and abetted the attempt to possess cocaine by providing co-defendants Gonzalez and Fachorn with lodging, meals, and transportation while they were in Tennessee negotiating with Jesse, the confidential informant they believed would produce the cocaine; by acquiring cash for the purchase of the cocaine; by agreeing that the transaction could take place at his business office; and by offering his Ford Excursion as partial payment for the cocaine. There was ample evidence from which a rational juror could conclude that Davis aided and abetted the attempt to possess the cocaine.

9

### 3. Count Five

While acknowledging that constructive possession is sufficient to support a conviction for being a felon in possession of a handgun, Davis argues that the evidence was insufficient to convict him of the crime because "the government offered no direct evidence that Mr. Davis ever had actual possession of the firearm." At trial, Davis's girlfriend, Kimberly Shaffer, testified that the handgun found in the bedside table on the side of the bed where Davis usually slept was her handgun; however, the house belonged to Davis, and he and Shaffer shared the bedroom. It is the rule of this Court that constructive possession may be shown by "[p]roof that the person has dominion over the premises where the firearm is located." *United States v. Hadley*, 431 F.3d 484, 516 (6th Cir. 2005) (citing *United States v. Kincaide,* 145 F.3d 771, 782 (6th Cir. 1998)) (holding that the defendant constructively possessed the firearm found in the drawer of an armoire located in the bedroom shared by defendant and his wife). The fact that the firearm in the instant case was found in the bedside table in the room shared by Davis and his girlfriend provided sufficient evidence from which a rational juror could conclude that Davis constructively possessed the firearm.

### H. Sentence

Finally, Davis argues that his statutory minimum sentence of two hundred and forty (240) months violate his rights under the Fifth, Sixth or Eighth Amendments. Davis acknowledges that his position is contrary to the law and in fact candidly admits that "he [i]s unaware of any supporting authority at this time that would allow the district court to depart below the twenty (20)-year mandatory minimum sentence." Davis having conceded that there is no support for his contention, his sentence shall be affirmed.

## III. CONCLUSION

For the foregoing reasons, Davis's convictions and sentence are **AFFIRMED.**