**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Newton LINDER, a/k/a Bobby,**
**Defendant—Appellant.**

**No. 05–10757.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2006.*

Filed April 17, 2009.

---

Thomas C. Muehleck, AUSA, Florence T. Nakakuni, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Pamela O'Leary Tower, Esq., Honolulu, HI, for Defendant–Appellant.

Before: TROTT, WARDLAW and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Robert Newton Linder timely appeals his ninety-seven-month sentence, imposed after his guilty-plea conviction in the District of Hawaii for one count of knowingly and intentionally attempting to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a), 846. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we vacate Linder's sentence and remand for resentencing.

**1.** *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), forecloses Linder's argument that the district court erred in considering the cocaine for which Linder was punished in California as relevant conduct. It is well established that double jeopardy principles do not "bar a later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime." *Id.* at 398, 115 S.Ct. 2199 (citing *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959)). Under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the conspiracy for which Linder was punished in California was a separate crime from the attempted possession for which Linder was punished in Hawaii. *See United States v. Arbelaez,* 812 F.2d 530, 534

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.1987). The quantity of cocaine for which Linder was convicted in the Southern District of California was properly considered as relevant conduct.

**2.** We reject Linder's challenge to the district court's mention of the possibility that Linder would receive "good time" credit under 18 U.S.C. § 3624(b). The district court did not "factor in" or otherwise rely on this possibility in calculating Linder's sentence, and its mention of the availability of such credit was not an abuse of discretion.

**3.** Nor did the district court abuse its discretion in declining to apply a downward departure under § 5K2.0 of the United States Sentencing Guidelines to effectuate the government's motion for a downward departure based on substantial assistance, which was filed in the California criminal proceedings. In Hawaii, the government provided cogent reasons for its decision to refrain from filing a similar motion. Although *Witte* suggests that district courts may apply a discretionary downward departure in such circumstances, *see* 515 U.S. at 405–06, 115 S.Ct. 2199, such departures are not compulsory. Moreover, we find no error in the determination that the government's refusal to pursue a downward departure was not arbitrary, unconstitutional, or otherwise in bad faith. *See United States v. Mikaelian,* 168 F.3d 380, 385 (9th Cir.1999).

**4.** The district court erred in failing to apply § 5G1.3(b)(1) of the Guidelines to credit Linder for time served after the imposition of the California sentence. Although "[c]redit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)," the "[a]pplication

of section 5G1.3(b) is a matter for the court, not the Bureau, to decide." *United States v. Drake,* 49 F.3d 1438, 1440 (9th Cir.1995). Moreover, because § 5G1.3(b)(1) "is mandatory, a court's declining to make the adjustment results in a sentence that departs from the Guidelines." *United States v. Armstead,* 552 F.3d 769, 784 (9th Cir.2008). This error enhanced Linder's sentence by the six month interval between the imposition of the California sentence and the Hawaii sentence, and thereby prevented the punishments from approximating "the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time." *Witte,* 515 U.S. at 404, 115 S.Ct. 2199.[1] Accordingly, we vacate the sentence to allow the district court to correctly apply § 5G1.3(b)(1) in calculating Linder's Guidelines range.

**5.** We do not reach the question whether Linder's sentence was substantively unreasonable. *See United States v. Autery,* 555 F.3d 864, 872–73 (9th Cir.2009) (discussing the deference due to a district court's sentencing decisions); *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). Nor do we reach the question whether the district court adequately discussed the § 3553(a) factors. *See United States v. Waknine,* 543 F.3d 546, 554 (9th Cir.2008). When the district court pronounced Linder's sentence, it did not have the benefit of our recent decision in *United States v. Carty,* as well as the Supreme Court's decisions in *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), and *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). These decisions clari-

1. To illustrate: If Linder had been sentenced to ninety-seven months on May 9, 2005 (the date the California sentence was imposed), then—assuming he were to serve the entirety of both sentences—he could expect to be released on June 9, 2013, rather than on December 2, 2013, the date which results from the failure to correctly apply § 5G1.3(b)(1).

fy that, after correctly calculating the Guidelines range, the district court must "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Carty,* 520 F.3d at 991. Further, the district court "must make an individualized determination based on the facts," *id.,* and must explain its sentence "sufficiently to permit meaningful appellate review," *id.* at 992. In particular, "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *Id.* at 992–93 (citing *Rita,* 127 S.Ct. at 2468).

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.